# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | |
|---|---|
| AIMEE PHILLIPS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 17-05269-CV-SW-WJE-SSA ) |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) |

## ORDER

Plaintiff Aimee Phillips seeks judicial review[1] of a final administrative decision of the Commissioner of Social Security (Commissioner) denying her disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.,* and Supplemental Security Income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.* Ms. Phillips contends that the Administrative Law Judge (ALJ) erred at the fifth step of a five-step sequential evaluation process in assessing disability claims by: (1) failing to properly evaluate the opinion of medical expert, Dorothy Kunstadt, M.D., that Plaintiff could reach only occasionally with her left hand; and (2) failing to present a proper hypothetical to the vocational expert that includes all of Plaintiff's limitations. For the reasons that follow, the Commissioner's decision will be reversed and remanded for further consideration and development of the record.

## Background

Ms. Phillips filed her applications for DIB and SSI on August 27, 2014, and August 29, 2014, respectively. (AR 109-10). Ms. Phillips alleges a disability onset date of August 22, 2013 due to depression, anxiety, migraines, chronic back pain, fibromyalgia, lymphedema, bursitis, knee pain, and insomnia. (AR 109-10, 197, 201). She was initially denied DIB and SSI on November 13, 2014. (AR 113-19). She then requested a hearing which was held on January 19, 2016. (AR 28-62). The ALJ issued a decision on August 30, 2016 denying Ms. Phillips' claims. (AR 7-27).

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(c).

Ms. Phillips sought review by the Appeals Council which was denied on October 10, 2017. (AR at 1-6, 208). Thus, the ALJ's decision stands as the final decision of the Commissioner.

On December 13, 2017, Ms. Phillips filed a complaint (Doc. 3) in this Court seeking review of the Commissioner's decision. The case was assigned to the undersigned. Shortly thereafter, on January 5, 2018, all parties consented to the exercise of jurisdiction by the undersigned. (Doc. 4). The parties have fully briefed the issues (Docs. 8, 13, 14), and the case is now ripe for disposition.

## Disability Determination and the Burden of Proof

A claimant seeking disability insurance benefits has the burden of establishing he or she suffers from a disability as defined by the Social Security Act (SSA) in 42 U.S.C. § 423(d). *Simmons v. Massanari*, 264 F.3d 751, 754 (8th Cir. 2001); *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995). This requires demonstration of (1) a medically determinable impairment that has lasted or will likely last for a period of at least one year that (2) has rendered claimant unable to engage in any "substantial gainful activity" (3) because of the impairment. *Id.*; 42 U.S.C. § 423(d)(1)(A); *see also McMillian v. Schweiker*, 697 F.2d 215, 220 (8th Cir. 1983). Based on these criteria, the Social Security Administration has established a five-step, sequential evaluation process for appraising whether a claimant is disabled and benefit-eligible. 20 CFR §§ 404.1520(a) and 416.920(a); *see also Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007).

The Commissioner must evaluate:

(1) whether the claimant is presently engaged in a substantial gainful activity;
(2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities;
(3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations;
(4) whether the claimant has the residual functional capacity to perform his or her past relevant work; and
(5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.

*Dixon v. Barnhart*, 353 F.3d 602, 605 (8th Cir. 2003); *Simmons*, 264 F.3d at 754-55.

At step one, the Commissioner must determine whether the claimant is engaged in substantial gainful activity (SGA). 20 CFR §§ 404.1520(a)(4)(i) and 416.920(a)(4)(i). "Substantial work activity" is work activity that involves doing significant physical or mental activities. 20 CFR § 404.1572(a). "Gainful work activity" is work that is usually done for pay or profit, whether or

not a profit is realized. 20 CFR § 404.1572(b). If the claimant is engaged in SGA, then the claimant is not disabled. 20 CFR §§ 404.1520(a)(4)(i) and 416.920(a)(4)(i). If the claimant is not engaging in SGA, the analysis proceeds to the second step.

Next, at step two, the Commissioner must determine whether the claimant has a severe, medically-determinable impairment that significantly limits the claimant's physical or mental ability to perform basic work activities. *Dixon*, 353 F.3d at 605. An impairment or combination of impairments is not severe when evidence—medical or otherwise—establishes one or more slight abnormalities that would have only a minimal effect on an individual's ability to work. *Kirby*, 500 F.3d. at 707; 20 CFR §§ 404.1521 and 416.921. If the claimant does not have one or more severe, medically-determinable impairments, the claimant is not disabled under the SSA.

If the claimant is found to be severely impaired, the analysis proceeds to the third step where the Commissioner must determine whether the claimant's impairment(s) meet or medically equal the severity criteria listed in 20 CFR Part 404, Subpart P, Appendix 1. 20 CFR §§ 404.1520(d), 404.1525, 404.1526. If the impairment(s) meet the criteria and duration requirement, the claimant is disabled. Otherwise, the analysis proceeds to the next step.

At step four, the Commissioner examines evidence provided by the claimant to assess the claimant's residual functional capacity (RFC). 20 CFR §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). RFC refers to a claimant's ability to perform physical and mental work activities on a sustained basis despite limitations from impairments. *Id.* At this stage of the analysis, the Commissioner is responsible for developing the claimant's complete medical history, arranging for consultative examinations, and assisting claimant with gathering other medical evidence. 20 CFR §§ 404.1545(a)(3) and 416.945(a)(3). If a claimant retains the RFC for work performed in the fifteen years prior to the onset of the alleged disability ("past relevant work"), then the claimant is not disabled. If the claimant is unable to do or does not have any past relevant work, the analysis proceeds to the final step and the burden shifts, thereafter requiring the Commissioner to disprove disability.

At step five, the Commissioner considers the claimant's RFC, age, education, and work experience to determine whether the claimant is able to do any other work. Though the claimant continues to bear the burden of proving disability, once he or she adequately shows an inability to do past work, the Commissioner has the burden of proving the claimant retains the RFC to do *other* types of work. *Nevland v. Apfel*, 204 F.3d 853, 857 (8th Cir. 2000). The Commissioner is

then responsible for providing evidence that other work the claimant can perform exists in significant numbers in the national economy. 20 CFR §§ 404.1512(g), 404.1560(c), 416.912(g) and 416.960(c). If the claimant is able to do other work, the claimant is not disabled. If the claimant is not able to do other work and meets the duration requirement, the claimant is disabled.

In this case, the parties agree that Ms. Phillips is not presently engaged in SGA, has severe impairments that limit her abilities, and does not have the RFC to perform past relevant work. The parties disagree over whether there is substantial evidence in the record to support the ALJ's finding that Ms. Phillips is able to engage in sedentary work despite her limitations.

**The ALJ's Findings**

The ALJ made the following findings:

1. The claimant meets the insured status requirements of the SSA through June 30, 2017.
2. The claimant has not engaged in SGA since August 22, 2013, the alleged onset date. (20 CFR §§ 404.1571 *et seq.*, and 416.971 *et seq.*).
3. The claimant has the following severe impairments: headaches; bilateral shoulder pain; lower back pain; lymphedema; glenohumeral joint edema and right shoulder tendinitis and bursitis; insomnia; obesity; depression, not otherwise specified; and mood disorder. (20 CFR §§ 404.1520(c)) and 416.920(c)).
4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (20 CFR §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
5. The claimant has the RFC to perform sedentary work as defined in 20 CFR §§ 404.1567(a) and 416.967(a). She is able to occasionally lift and/or carry no more than 10 pounds; frequently lift and/or carry articles like docket files, ledgers, and small tools; stand and/or walk, for a total of 2 hours in an 8-hour workday; and sit, for a total of about 6 hours in an 8-hour workday. However, the claimant requires the ability to shift at will while seated but she is able to stay on task while shifting. The claimant is also able to sit up to 60 minutes at any one time, sit up to 10 minutes at any one time, and can walk up to 15 minutes at any one time; requires the ability to transition between standing, walking, and sitting; can occasionally perform bilateral push or pull movements; can never perform bilateral foot control operations; can never climb ladders, ropes, or scaffolds, kneel, or crawl; can climb ramps or stairs for 15% of the work day;

can occasionally stoop, crouch, and squat; can frequently reach and overhead reach bilaterally; can frequently handle, finger, and feel objects bilaterally; can perform work with legs elevated to footstool when seated up to 9 inches; is limited to simple, routine, and repetitive tasks; and is capable of no more than occasional interaction with co-workers and supervisor, and no interaction with the general public.

6. The claimant is unable to perform any past relevant work. (20 CFR §§ 404.1565 and 416.965).
7. The claimant was born on October 7, 1961, and was 41 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date. (20 CFR §§ 404.1563 and 416.963).
8. The claimant has at least a high school education and is able to communicate in English. (20 CFR §§ 404.1564 and 416.964).
9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills. (*See* SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
10. Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform. (20 CFR §§ 404.1569, 404.1569(a), 416.969, and 416.969(a)).
11. The claimant has not been under a disability, as defined in the SSA, from August 22, 2013, through the date of this decision. (20 CFR §§ 404.1520(g) and 416.920(g)).

**Standard of Review**

The standard for judicial review of denial of benefits within the Eighth Circuit requires the Court to "determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole." *Baker v. Barnhart*, 457 F.3d 882, 892 (8th Cir. 2006). This standard is lower than a preponderance of the evidence, merely requiring that a reasonable person would find the evidence adequate to support the Commissioner's decision. *Id.*; *Cox v. Barnhart*, 345 F.3d 606, 608 (8th Cir. 2003). All evidence, whether it supports or contradicts the Commissioner's decision, should be examined when determining whether the existing evidence is substantial. *Baker*, 257 F.3d at 892.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the Court considers the educational background, work history, and present

age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. *McMillian*, 697 F.2d at 221.

"As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently." *Baker*, 257 F.3d at 892; *Schouten v. Berryhill*, 685 F. App'x 500, 501 (8th Cir. 2017); *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *Wheeler v. Apfel*, 224 F.3d 891, 893-94 (8th Cir. 2000); *Nguyen v. Chater*, 75 F.3d 429, 431 (8th Cir. 1996).

### Discussion

Ms. Phillips had a hearing before the ALJ on January 19, 2016. (AR 28-62). At the conclusion of the hearing, the ALJ relied on the testimony of a vocational expert to determine that Ms. Phillips is able to perform limited sedentary work that exists in significant numbers in the national economy as required by step five of the sequential evaluation process. (AR 22-23). However, Ms. Phillips alleges the hypothetical question posed to the vocational expert to elicit the opinion was incomplete because it did not include all of her credible limitations in the RFC assessment. (Doc. 8). Specifically, Ms. Phillips argues that the hypothetical should have included: (1) a limitation that she could only occasionally reach with her left arm and frequently reach with her right arm; and (2) a limitation that she could sit for ten minutes at a time. *Id.* Therefore, Ms. Phillips argues that the vocational expert's opinion regarding her ability to work cannot serve as substantial evidence to support the ALJ's decision.

At step five of the sequential evaluation process, the Commissioner must prove "first that the claimant retains the RFC to do other kinds of work, and, second that other work exists in substantial numbers in the national economy that the claimant is able to perform." *Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004) (quoting *Nevland*, 204 F.3d at 858). "The Commissioner may rely on a vocational expert's response to a properly formulated hypothetical question to meet [their] burden of showing that jobs exist in significant numbers which a person with the claimant's residual functional capacity can perform." *Sultan v. Barnhart*, 368 F.3d 857,

864 (8th Cir. 2004). The Eighth Circuit has held "testimony from a vocational expert constitutes substantial evidence only when based on a properly phrased hypothetical question." *Tucker v. Barnhart*, 363 F.3d 781, 784 (8th Cir. 2004). "Unless the hypothetical question comprehensively describes the limitations on a claimant's ability to function, a vocational expert will be unable to accurately assess whether jobs do exist for the claimant." *Gann v. Berryhill*, 864 F.3d 947, 952 (8th Cir. 2017) (quoting *Smith v. Shalala*, 31 F.3d 715, 717 (8th Cir. 1994)).

During the hearing, the ALJ asked vocational expert, Dr. George Horne, the following hypothetical to see which jobs Ms. Phillips could perform:

> [A]n individual with a vocational profile identical to the claimant. This individual has the ability to perform a full range of sedentary work with the following additional limitations. This individual requires the ability to shift at will while seated, and can stay on task while shifting. This individual can sit up to 60 minutes at any one time. This individual can stand or walk for approximately 15 minutes at any one time.... [This individual] requires the ability to transition between standing, walking, and sitting. Pushing or pulling with the upper extremities bilaterally is limited to occasional. Bilaterally, no use of foot controls. No climbing ropes, ladders, or scaffolds. Climbing ramps or stairs is limited to 15 percent of the work day. The following activities are limited to occasional: stooping, squatting, crouching. There is no kneeling, no crawling. Reaching bilaterally is limited to frequent, except that reaching overhead is limited to occasional bilaterally… handling, fingering, and feeling bilaterally is limited to frequent. While seated, this individual needs to elevate one leg or the other up to nine inches. No contact with the public. No more than occasional contact with coworkers and supervisors. And all work must be limited to simple, routine, and repetitive tasks.

(AR 55-57).

In response to the hypothetical posed by the ALJ, the vocational expert testified that an individual with the represented limitations can perform the following full-time jobs:

> The individual is limited to a range of sedentary, unskilled work. Examples include, are not limited to, a final assembler, 713.687-018, 25,000 in the national economy; a table worker, 739.687-182, 2,500 in the national economy. … A stuffer, 731.685-014, 4,000 in the national economy, … [a] cutter/paster, press clippings, 249.587-014, 4,000 in the national economy …

(AR 57).

The ALJ relied on the vocational expert's testimony to determine that jobs exist in significant numbers in the national economy that Ms. Phillips can perform despite her limitations. (AR 22-23). As such, this Court must determine whether the hypothetical posed to the expert was comprehensive of Ms. Phillips' credible RFC.

### A. ALJ properly considered Dr. Kunstadt's opinion and ALJ's determination that Plaintiff could frequently reach with both arms is supported by the record.

Ms. Phillips argues that the ALJ erred by not accepting the opinion of a non-treating physician, Dr. Kunstadt, that Plaintiff could only occasionally reach with her left arm in the RFC. (Doc. 8). It is the ALJ who bears the primary responsibility for determining a claimant's RFC. *Martise v. Astrue*, 641 F.3d 909, 923 (8th Cir. 2011) (quoting *Vossen v. Astrue*, 612 F.3d 1011, 1016 (8th Cir. 2010). In doing so, the ALJ has the responsibility to develop the record fully and fairly. *Snead v. Barnhart*, 360 F.3d 834, 838 (8th Cir. 2004). The Eighth Circuit recognizes that "a *treating* physician's opinion is generally entitled to substantial weight," but such an "opinion does not automatically control in the face of other credible evidence on the record that detracts from that opinion." *Martise,* 641 F.3d at 925 (quoting *Heino v. Astrue*, 578 F.3d 873, 880 (8th Cir. 2009)). With regard to non-treating or consulting physicians who examine a claimant once or not at all, their opinions generally do not constitute substantial evidence. *Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999) (quoting *Kelley v. Callahan*, 133 F.3d 583, 589 (8th Cir. 1998)).

Here, Ms. Phillips suggests that the ALJ should have included a non-treating physician's opinion in the RFC. (Doc. 8). Although Dr. Kunstadt never treated Ms. Phillips, she completed a medical source statement regarding Plaintiff's ability to do work-related activities on February 4, 2016. (AR 432-37). Of note, Dr. Kunstadt opined that Ms. Phillips could frequently reach with her right arm and occasionally reach with her left arm. (AR 435). Although the ALJ did afford Dr. Kunstadt's overall opinions "significant weight," she is not a treating physician and the record in its entirety supports the ALJ's determination that Plaintiff could frequently reach in all directions with both arms.

Ms. Phillips' medical records regarding her left shoulder indicate that she could frequently reach in all directions. While she has complained of left shoulder pain in the past, her MRI results showed benign findings. (AR 435). On November 7, 2013, December 19, 2013, and January 16, 2014, Ms. Phillips sought treatment for her right shoulder at the Ferrell-Duncan Orthopedic Clinic in Springfield, Missouri. (AR 288, 292, 298). However she did not mention issues with her left shoulder at any of the aforementioned visits. *Id.* Instead, Ms. Phillips has only sought treatment for her left shoulder on one occasion. (AR 278-79). On July 24, 2014, Ms. Phillips complained that her left shoulder pain had a severity of six out of ten, and the treating physician noted that

there was no acute distress. *Id.* The lack of left shoulder complaints in Ms. Phillips' medical records and treatment notes indicate that she could frequently reach with her left arm.

At the conclusion of Ms. Phillip's July 24, 2014 visit at the Ferrell-Duncan Orthopedic Clinic, she received an injection in her shoulder to alleviate the moderate pain. *Id.* There is no evidence in the record that Ms. Phillips sought any further treatment on her left shoulder. Generally, "a medical condition that can be controlled by treatment is not disabling." *Warford v. Bowen*, 813 F.2d 55, 59 (8th Cir. 1989) (quoting *Lovelace v. Bowen*, 813 F.2d 55, 59 (5th Cir. 1987)). Therefore, Plaintiff's conservative treatment, and absence of surgical or more severe intervention, supports that she could frequently reach with her left arm.

Furthermore, Ms. Phillips' reported daily life activities show she is able to frequently reach with her left arm. When asked about her daily life activities, Ms. Phillips stated that she is able care for her dog, administer her own medication, dress herself, prepare her own meals, feed herself, use the toilet alone, do laundry, take out the trash, grocery shop, and drive. (AR 233-35).

Based on the record as a whole, the ALJ properly included in the RFC that Ms. Phillips could frequently reach with her left arm. Although he gave significant weight to the opinion of Dr. Kunstadt, his consideration of conflicting medical and testimonial evidence was appropriate in determining Plaintiff's limitations. Therefore, the hypothetical question posed to the vocational expert was complete with the relevant RFC concerning Plaintiff's reaching ability.

### B. The hypothetical presented to the vocational expert was not proper.

Ms. Phillips asserts that the ALJ's RFC findings do not match the hypothetical question posed to the vocational expert due to the omission of Plaintiff's ability to sit for ten minutes at a time. (Doc. 14). Plaintiff correctly states the ALJ concluded that Ms. Phillips would be "able to sit up to sixty minutes at any one time, sit up to ten minutes at any one time, and [ ] stand and walk up to fifteen minutes at any one time." (AR 16). The hypothetical question the ALJ asked did not include the limitation that Plaintiff could sit up to ten minutes at any one time. (AR 55-57). The ALJ never questioned the vocational expert about a person limited to sitting only ten minutes at one time in addition to other limitations in the RFC.

As stated *supra,* in order for testimony from a vocational expert to serve as substantial evidence, the hypothetical must "comprehensively describe the limitations on a claimant's ability to function." *Gann,* 864 F.3d at 952. It is unequivocally clear from the hearing transcript that the

hypothetical did not include the RFC that Ms. Phillips could sit for up to ten minutes at a time, therefore rendering it uncomprehensive.

Defendant argues that close review of the record makes it clear that the inclusion of the RFC stating Ms. Phillips can sit for up to ten minutes at a time was a harmless error. (Doc. 13). Defendant cites case law stating "an arguable deficiency in opinion writing that ha[s] no practical effect on the decision…is not a sufficient reason to set aside the ALJ's decision." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016) (quoting *Welsh v. Colvin*, 765 F.3d 926, 929 (8th Cir. 2014). In this case, however, the error did materially impact the vocational expert's opinion.

Whether Ms. Phillips is capable of sitting sixty minutes at one time or ten minutes is critical to the outcome of this case. To fully perform sedentary work, "an individual must be able to remain in a seated position for approximately 6 hours of an 8-hour workday, with a morning break, a lunch period, and an afternoon break at approximately 2-hour intervals." *See* SSR 96-9p, 1996 WL 374185 (July 2, 1996). The ALJ's deficiency regarding how long Ms. Phillips is able to sit at one time greatly affected the vocational expert's opinion which altered the ALJ's decision at step five of the sequential evaluation process. Thus, the vocational expert's testimony cannot be viewed as substantial evidence supporting the conclusion that Ms. Phillips is able to perform limited sedentary work in the national economy. *Gann,* 864 F.3d at 953. Remand is required so that the ALJ may properly determine Ms. Phillips' RFC.

## Conclusion

For the reasons set forth herein, the Court finds the Commissioner's determination that Ms. Phillips was not disabled is not supported by substantial evidence on the record as a whole, and is therefore reversed and remanded for further consideration and development of the record. Judgment shall be entered in favor of Plaintiff and against Defendant.

Accordingly,

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is reversed and remanded for further consideration and development of the record, as set forth herein.

Dated this 14th day of September, 2018, at Jefferson City, Missouri.

Willie J. Epps, Jr.
United States Magistrate Judge